GROH et al., Respondents, v. SCHNEIDER et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by M. Groh's Sons against Charles Schneider. G. Nathan, for appellants. C. S. Bloomfield, for respondents.

PER CURIAM. There is no question involved in this appeal, save the position of the plaintiffs in regard to the check upon which the suit is brought. It would seem from the record that the payee in the check, Louis Schneider, was presumptively a holder in due course. He indorsed it and gave it to Feldman, who, as between themselves, may, from circumstances, have held different rights in law. Feldman, as holder, soon after its receipt, transferred the check to the plaintiffs in payment of a precedent debt. The plaintiffs are not shown to have any knowledge of any equities existent between Schneider, the payee, and Feldman. They therefore became holders in due course from that transfer, and also possessed of all the rights presumptively held by Louis Schneider, the payee. Judgment affirmed, with costs.

HAENLEIN, Respondent, v. MEYER, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Catharine Haenlein against Julia M. Meyer. E. H. Benn, for appellant. Denis O'Sullivan, for respondent.

PER CURIAM. On conflicting evidence, the justice found for the plaintiff, and his conclusion is amply supported by the plaintiff's testimony, which the court seems to have accepted as correct. The point that the plaintiff's husband was the proper party to sue was not raised below, and it is too late to present it for the first time on appeal. On the trial, defendant's counsel disclaimed any purpose of moving for a nonsuit, stating that he desired a judgment on the merits. We see no reason for disturbing the judgment rendered, and the same must be affirmed, with costs. Judgment affirmed, with costs.

HALPIN v. COLEMAN et al. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Paul Halpin against Matthew Coleman and another. No opinion. Reargument ordered for October 10, 1901.

HAMILTON v. FABER et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Eleanor M. Hamilton against J. Eberhard Faber and others. No opinion. Motion granted.

HAMMOND, Respondent, v. EBBETS, Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by James S. Hammond against Charles H. Ebbets. No opinion. Order affirmed on argument, with $10 costs and disbursements, without prejudice to renewal of the motion after answer.

HANDLER, Appellant, v. METROPOLITAN ST. RY. Co., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Louis Handler against the Metropolitan Street Railway Company. David W. Rockmore, for appellant. H. A. Robinson (G. Glenn Worden, of counsel), for respondent.

PER CURIAM. The plaintiff failed to show either negligence on the part of the defendant or lack of negligence on his own part. His testimony is somewhat confused, but justifies the conclusion that he ran to board a moving car, and either slipped or stumbled as he was in the act of boarding it. The judgment is right, and should be affirmed, with costs. Judgment affirmed, with costs.

HANSEN, Respondent, v. SAINT, Appellant. (City Court of New York, General Term. June, 1901.) Action by Carl F. Hansen against Otto R. Saint. Floyd Price, for appellant. Goodale & Hansen (John McG. Goodale, of counsel), for respondent. No opinion. Judgment and order appealed from affirmed, with $10 costs and disbursements.

In re HARRIS. (Supreme Court, Appellate Division, Fourth Department. September 25, 1901.) In the matter of the petition of George H. Harris to remove from office Nelson Rounsevell, a justice of the peace of the town of Cuba, N. Y. No opinion. Report of referee received and filed. Further hearing set down for Friday, October 4th, next.

HAYWARD et al., Respondents, v. SIRE, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by S. F. Hayward & Co. against Leander S. Sire. A. I. Sire, for appellant. Donnell & Smith, for respondent. No opinion. Judgment affirmed, with costs.

HEITLER et al., Respondents, v. DICKOFF, Appellant. (City Court of New York, General Term. May, 1901.) Action by Samuel Heitler and others against Joseph Dickoff. Elias Rosenthal, for appellant.

PER CURIAM. Defendant's statement set forth in the affidavit, after having been asked for an explanation, is sufficient proof of the falsity of the representation made and relied upon, and entitles plaintiffs to the order appealed from. The ground of the arrest is fraud, and is sufficiently stated in the order. The complaint sufficiently states the sale and delivery of the goods. The order appealed from must be affirmed, but, in view of the fact that the respondents did not appear in the hearing or file a brief, without costs. Order affirmed, without costs.

